UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MARCO MARTELLI ASSOCIATES, INC. i/s/h
MIKE MARTELLI, GC

                      Plaintiff,

-against-

FIRST MERCURY INSURANCE CO.,

                      Defendants.
------------------------------------------------------------x

COMPLAINT and JURY DEMAND

Index No.:

08 CV 03453

Plaintiff, MARCO MARTELLI ASSOCIATES, INC. (hereinafter "MARTELLI"), by its attorneys, LONDON FISCHER LLP, as and for its Verified Complaint against the defendant, FIRST MERCURY INSURANCE CO. (hereinafter "FIRST MERCURY"), alleges upon information and belief as follows:

## NATURE OF CLAIMS

1. Plaintiff seeks declaration by this Court that:

    (a) The disclaimer of insurance coverage for MARTELLI made by defendant FIRST MERCURY was improper;

    (b) FIRST MERCURY is obligated under the policy of insurance issued to National Shoring LLC to defend and indemnify as "additional insureds" the plaintiffs, MARTELLI, against the claims asserted by George Berth, Jr., George Berth, III, and National Shoring, LLC in lawsuits venued in the Supreme Court of the State of New York, Kings County, and styled as *George Berth, Jr. and George Berth, III v. Marco Martelli, GC, National Shoring, LLC and Bedford Stuyvesant Family Health Center, Inc.*, Index No.: 29961/07 (the "Berth Action");

    (c) FIRST MERCURY is obligated to defend and indemnify plaintiff, MARTELLI, and pay any award and/or judgment and/or settlement that may run in favor of George Berth, Jr., George Berth, III, and National Shoring, LLC as against MARTELLI;

{N0082188.1 }

(d) FIRST MERCURY is obligated to pay MARTELLI any and all legal fees and/or expenses heretofore and/or hereafter incurred in the investigation and the defense of the claims asserted George Berth, Jr., George Berth, III, and National Shoring, LLC; and

(e) FIRST MERCURY is obligated to pay MARTELLI damages incurred as a reasonably foreseeable consequence of FIRST MERCURY's wrongful refusal to defend MARTELLI.

## THE PARTIES AND JURISDICTION

2. At all times hereinafter mentioned, MARTELLI was incorporated pursuant to the laws of the State of New York and is a domestic corporation that maintains its principal place of business at 73 Third St New Rochelle, New York, 10801.

3. At all times relevant hereto, FIRST MERCURY was and is a foreign corporation duly organized and existing under and by virtue of the laws of one or more States of the United States and doing business in the State of New York.

4. At all times relevant hereto, FIRST MERCURY was and is in the business of conducting insurance business in the State of New York.

5. This Court has personal jurisdiction over defendant, FIRST MERCURY, because at all relevant times hereafter mentioned, FIRST MERCURY engaged in the business of insurance in the State of New York and designated the New York State Department of State, Division of Corporations as a registered agent for service of process.

6. Federal jurisdiction is based on 28 U.S.C. § 1332.

7. At all times relevant, FIRST MERCURY's activity in the Southern District of New York would be sufficient to subject it to personal jurisdiction if that District were a separate State. Venue in this Court is based on 28 U.S.C. § 1391(c).

## THE UNDERLYING CLAIM

8. That on or before July 2006, plaintiff MARTELLI contracted and/or agreed to demolish a one-story building located at 325 Herkimer Street, Brooklyn, New York, and to construct a new three-story health center on the same location.

9. George Berth, Jr. and George Berth, III (hereinafter, the "Berth Plaintiffs") were at all relevant times the owners of the property located at 327 Herkimer Street, Brooklyn, New York (the "Building"), which was located adjacent to the building set to be demolished at 325 Herkimer Street.

10. Due to the depth of the demolition on the adjacent property, MARTELLI retained National Shoring LLC, a co-defendant in the underlying action, to jet grout the soil around the foundation of the Building, in order to shore up the Building during the course of the demolition. This process began on or about October 31, 2006.

11. The Berth Plaintiffs allege that on or about November 3, 2006, an incident occurred in which an area of the foundation wall of the Building slid down, which subsequently resulted in the New York City Building Department Engineer's determination that the Building was unstable and must be immediately demolished.

12. Pursuant to the agreement between National Shoring LLC and MARTELLI, National Shoring LLC is obligated to obtain and keep in force certain policies of insurance, and said policies of insurance were to name MARTELLI as additional insureds, with the insurer to defend any suits against MARTELLI arising out of the work of the aforesaid agreement between National Shoring LLC and MARTELLI.

13. Upon information and belief, FIRST MERCURY, in consideration of the premiums National Shoring LLC paid, issued an insurance policy bearing policy

number FMMA000768 with an effective policy period of September 28, 2006 to September 28, 2007 (the "FIRST MERCURY Policy").

14. Upon information and belief, MARTELLI was an additional insured on the FIRST MERCURY Policy. *See* Certificate of Insurance annexed hereto as Exhibit "A".

15. That the Berth Action was commenced by the Berth Plaintiffs against MARTELLI for damages allegedly sustained on November 3, 2006 at the Building by a Verified Summons and Verified Complaint in Supreme Court of the State of New York, Kings County, bearing index number 29961/07 dated July 31, 2007. A copy of Berth's Verified Complaint is annexed hereto as Exhibit "B".

16. That pursuant to the FIRST MERCURY Policy, FIRST MERCURY has a duty to defend, indemnify and provide insurance coverage for MARTELLI for the claims asserted against it in the Berth Action.

17. Pursuant to the FIRST MERCURY Policy, MARTELLI is entitled to a defense and indemnification for the claims asserted against it in the Berth Action.

18. Plaintiff complied with all of the condition precedent requirements of it in the FIRST MERCURY Policy.

19. That FIRST MERCURY has refused to acknowledge its obligation to defend and indemnify MARTELLI.

20. That by reason thereof, MARTELLI has been deprived of the insurance coverage with respect to the Berth Plaintiffs' claim, by reason of which MARTELLI has sustained damages, and will continue to sustain damages consisting of cost to defend that Berth Action; that MARTELLI will sustain further damages should

the Berth Plaintiffs recover judgment against MARTELLI to the extent of the amount recovered against MARTELLI that fall within the scope or limits of the FIRST MERCURY Policy.

21. That MARTELLI has no adequate remedy at law.

## AS AND FOR A FIRST CAUSE OF ACTION

(For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Failure To Defend As Against FIRST MERCURY)

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" above as though fully set forth herein.

23. FIRST MERCURY owed plaintiff a duty of good faith and fair dealing arising out of various contracts, Certificates of Insurance and agreements with respect to certain insurance policies.

24. A covenant of good faith and fair dealing is implied by law in all contracts.

25. FIRST MERCURY breached the implied covenant of good faith and fair dealing by:

    (a) Unreasonably refusing to immediately defend Plaintiff, or indeed ever defend plaintiff, against George Berth, Jr., George Berth, III, and National Shoring, LLC's claims after receipt of tender thereof and repeated communications from plaintiff to National Shoring, LLC and FIRST MERCURY;

    (b) Failing to conduct a reasonable investigation and unreasonably withholding monetary payment for the defense;

    (c) Refusing to defend plaintiff against George Berth, Jr., George Berth, III, and National Shoring, LLC's claims; and

(d) Failing to provide plaintiff with any reasonable or justifiable basis for the decision to deny and/or delay the actual participation of the defense of the claims against MARTELLI.

26. The officers, directors and managing agents and employees of FIRST MERCURY participated in, authorized and/or ratified the wrongful conduct and pattern of conduct of FIRST MERCURY as alleged above.

27. As a direct and proximate result of FIRST MERCURY's breach of the covenant of good faith and fair dealing, plaintiff has incurred substantial attorneys' fees and costs, experts' fees and costs, costs and other expenses in defense, repair, loss adjustment, mitigation, investigation and settlement and other costs and expenses in excess of this Court's jurisdictional limits.

## AS AND FOR A SECOND CAUSE OF ACTION

(Declaratory Judgment As Against FIRST MERCURY)

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" above as though fully set forth herein.

29. FIRST MERCURY, without cause and despite a clear obligation to defend and indemnify, failed and refused to defend and/or indemnify plaintiff against claims alleged by George Berth, Jr., George Berth, III, and National Shoring, LLC.

30. By virtue of the foregoing, plaintiff is entitled to a judgment declaring that the disclaimer of coverage under the FIRST MERCURY Policy and its endorsements and extensions was improper and that FIRST MERCURY is obligated, under the FIRST MERCURY Policy and its endorsements and extensions, to defend and indemnify plaintiff with respect to the claims made by George Berth, Jr., George Berth, III, and National Shoring, LLC.

## AS AND FOR A THIRD CAUSE OF ACTION

(Breach of Contract As Against FIRST MERCURY)

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" above as though fully set forth herein.

32. FIRST MERCURY beached its obligations to plaintiff under the FIRST MERCURY Policy, its endorsements and extensions by failing and refusing to defend and/or indemnify plaintiff against the claims raised by George Berth, Jr., George Berth, III, and National Shoring, LLC.

33. Plaintiff has demanded and continues to demand that FIRST MERCURY defend and indemnify plaintiff in accordance with the FIRST MERCURY Policy, its endorsements and extensions.

34. A reasonable time has elapsed, but FIRST MERCURY has refused to defend and/or indemnify plaintiff with respect to the claims and/or allegations made by George Berth, Jr., George Berth, III, and National Shoring, LLC.

35. Plaintiff has performed all of its obligations and has complied with the terms and conditions of the FIRST MERCURY Policy and its endorsements and extensions to warrant FIRST MERCURY to defend and indemnify plaintiff against claims alleged by the other parties under the terms of the FIRST MERCURY Policy its endorsements and extensions.

36. As a foreseeable result of breaches under the FIRST MERCURY Policy, its endorsements and extensions, plaintiff has incurred costs, legal fees and expenses in defending and mitigating against the claims and/or allegations by George Berth, Jr., George Berth, III, and National Shoring, LLC and

will continue to incur legal fees and expenses in an amount that cannot be ascertained at this time but shall not be less than this Court's jurisdictional limits.

WHEREFORE, MARCO MARTELLI ASSOCIATES, INC. demands judgment against the defendant FIRST MERCURY EMERALD INSURANCE SERVICES, INC. as follows:

(a) A declaration that the defendant is obligated to defend and indemnify the plaintiff for any and all claims arising out of the incident of November 3, 2006 up to the aggregate limits of Policy No. FMMA000768;

(b) A declaration that the defendant is obligated to defend and indemnify the plaintiff in the Berth Action; and

(c) For such other and further relief as the court may deem just and proper, including costs and disbursements as allowed by law.

Dated: New York, New York
April 1, 2008

LONDON FISCHER LLP

By: _____
Brian A. Kalman (BAK-1382)
Attorneys for Plaintiff
MARCO MARTELLI ASSOCIATES, INC.
i/s/h MIKE MARTELLI, GC
59 Maiden Lane
New York, New York 10038
(212) 972-1000


TO:   FIRST MERCURY INSURANCE CO.
      29621 Northwestern Highway
      Southfield, Michigan 48034
      (248) 358-4010

{N0082188.1}

Date: 11/14/2006 03:02 PM Page: 2 of 2

To: Marco Martelli Associates, Inc

# ACORD CERTIFICATE OF LIABILITY INSURANCE

OP ID: GR
BOVEC-1
DATE (MM/DD/YYYY): 11/14/06

**PRODUCER**
LJM Insurance Agency, Inc.
327 Union Avenue
Framingham MA 01702
Phone: 508-872-0662  Fax: 508-879-5299

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURERS AFFORDING COVERAGE** — NAIC #
- INSURER A: First Mercury Insurance Co
- INSURER B: New Hampshire Ins. (AIG)
- INSURER C:
- INSURER D:
- INSURER E:

**INSURED**
Bove Contractors Inc.
National Shoring, LLC
Box 248
Stonington CT 06378

**COVERAGES**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | X | GENERAL LIABILITY / COMMERCIAL GENERAL LIABILITY / CLAIMS MADE [X] OCCUR | FMMA000768 | 09/28/06 | 09/28/07 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $50,000 |
| | | | | | | MED EXP (Any one person) | Excluded |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: POLICY / PROJECT / LOC | | | | | |
| | | AUTOMOBILE LIABILITY / ANY AUTO / ALL OWNED AUTOS / SCHEDULED AUTOS / HIRED AUTOS / NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY / ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN AUTO ONLY: EA ACC / AGG | $ |
| A | | EXCESS/UMBRELLA LIABILITY / [X] OCCUR / CLAIMS MADE / DEDUCTIBLE / [X] RETENTION $10,000 | CUMA000062 | 09/28/06 | 09/28/07 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | AGGREGATE | $1,000,000 |
| B | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY / ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | WC 896-88-23 | 10/28/06 | 10/28/07 | [X] WC STATU-TORY LIMITS / OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $1000000 |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $1000000 |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $1000000 |
| | | OTHER | | | | | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**
Bedford Stuyvesant Family Health Ctr. Primary Care Development Corp., Dormitory Authority State of New York, The City of New York, Management Consulting & Controls Group, Inc., The NYC Economic Development Corp., NYS Transit Authority and Marco Martelli Associates, Inc. as Additional Insureds. *30 Days GL & UMB/10 Days WC

**CERTIFICATE HOLDER** — MARCOMA

Marco Martelli Associates, Inc
73 Third Street
New Rochelle NY 10801

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL _*_ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE [signature]

ACORD 25 (2001/08)  © ACORD CORPORATION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
GEORTH BERTH, JR., and GEORGE BERTH, III,

                Plaintiffs,                              Index No.

             - against -

MIKE MARTELLI, GC, NATIONAL SHORING,        **COMPLAINT**
LLC, and BEDFORD STUYVESANT FAMILY
HEALTH CENTER, INC.,

               Defendants.
------------------------------------------------------------X

      Plaintiffs, by their attorney, MORRIS MARKOWITZ, as and for its Complaint, herein alleges upon information and belief as follows:

      **FIRST:** At all times hereinafter mentioned, Plaintiff, GEORGE BERTH, JR., is an individual residing at 1031 Halsey Street, Brooklyn, New York and is the owner of a certain property at 327 Herkimer Street, Brooklyn, New York.

      **SECOND:** At all times hereinafter mentioned, Plaintiff, GEORGE BERTH, III, is an individual residing at 1031 Halsey Street, Brooklyn, New York and is a tenant at 327 Herkimer Street, Brooklyn, New York.

      **THIRD:** At all times hereinafter mentioned, Defendant NATIONAL SHORING, LLC is a New York Corporation engaged in the business of shoring, having its principal place at 327 Union Avenue, Framingham, MA 01702.

      **FOURTH:** At all times hereinafter mentioned, Defendant MIKE MARTELLI, GC is a New York Corporation engaged in the business of construction, having its principal place at

      **FIFTH:** At all times hereinafter mentioned, Defendant BEDFORD STUYVESANT

FAMILY HEALTH CENTER, INC. is the owner of the premises at 325 Herkimer Street, Brooklyn, New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT NATIONAL SHORING, LLC

**SIXTH:** That on or about 11/3/06, and continuing thereafter, Defendant, NATIONAL SHORING, LLC, its employees and/or agents, performed certain shoring work on the premises at 325 Herkimer Street, Brooklyn, New York.

**SEVENTH:** That the above mentioned work was done improperly, carelessly and negligently and in violation of numerous statutes, codes and ordinances.

**EIGHTH:** That as a result of said negligence, Plaintiff's property was caused to be severely damaged and destroyed by the shoring work performed by the Defendant.

**NINTH:** As a result of said loss, Plaintiff, GEORTH BERTH, JR., sustained damages in the amount of One Million ($1,000,000.00) Dollars due to the damage of real property located at 327 Herkimer Street, Brooklyn, New York, and the amount of Fifty Thousand ($50,000.00) Dollars due to damage of personal property, and for Plaintiff, GEORGE BERTH, III, the amount of Fifty-Thousand ($50,000.00) for damage of personal property.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT MIKE MARTELLI, GC

**TENTH:** Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "First" through "Ninth" as if each were more fully set forth at length herein.

**ELEVENTH:** That on or about 11/3/06, and continuing thereafter, Defendant MIKE MARTELLI, GC, his employees and/or agents, performed certain demolition, construction and excavation work, labor and services at an adjacent property to Plaintiff at 325 Herkimer Street, Brooklyn, New York.

TWELFTH:   That the above mentioned work was done improperly, carelessly and negligently and in violation of numerous statutes, codes and ordinances.

THIRTEENTH:   That as a result of said negligence, Plaintiff's property was caused to be severely damaged and destroyed by the excavation and construction work performed by the Defendant.

FOURTEENTH:   As a result of said loss, Plaintiff, GEORTH BERTH, JR., sustained damages in the amount of One Million ($1,000,000.00) Dollars due to the damage of real property located at 327 Herkimer Street, Brooklyn, New York, and the amount of Fifty Thousand ($50,000.00) Dollars due to damage of personal property, and for Plaintiff, GEORGE BERTH, III, the amount of Fifty-Thousand ($50,000.00) for damage of personal property.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT BEDFORD STUYVESANT FAMILY HEALTH CENTER INC.

FIFTEENTH:   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "First" through "Fourteenth" as if each were more fully set forth at length herein.

SIXTEENTH:   That on or about 11/03/06 Defendant, BEDFORD STUYVESANT FAMILY HEALTH CENTER INC., was the owner of premises at 325 Herkimer Street, Brooklyn, New York.

SEVENTEENTH:   That on or about 11/03/06 Defendant, BEDFORD STUYVESANT FAMILY HEALTH CENTER INC., their agents, employees, representatives or other individuals and entities under their control, authorization, and/or direction, worked on various excavations and construction in a careless, improper and negligent manner and in violation of numerous statutes, codes and ordinances. In addition, Defendants allowed these conditions to exist despite

having knowledge thereof.

**EIGHTEENTH:** As a result of said loss, Plaintiff, GEORTH BERTH, JR., sustained damages in the amount of One Million ($1,000,000.00) Dollars due to the damage of real property located at 327 Herkimer Street, Brooklyn, New York, and the amount of Fifty Thousand ($50,000.00) Dollars due to damage of personal property, and for Plaintiff, GEORGE BERTH, III, the amount of Fifty-Thousand ($50,000.00) Dollars for damage of personal property.

**WHEREFORE,** it is respectfully requested that Plaintiff, GEORGE BERTH, JR., have judgment against Defendant in the First Cause of Action, NATIONAL SHORING, LLC in the amount of One Million ($1,000,000.00) Dollars due to damage of real property located at 327 Herkimer Street, Brooklyn, New York, and the amount of Fifty Thousand ($50,000.00) Dollars due to damage of personal property, and for Plaintiff, GEORGE BERTH, III, the amount of Fifty-Thousand ($50,000.00) Dollars for damage of personal property; against Defendant in the Second Cause of Action, MIKE MARTELLI, GC in the amount of One Million ($1,000,000.00) Dollars due to damage of real property located at 327 Herkimer Street, Brooklyn, New York, and the amount of Fifty Thousand ($50,000.00) Dollars due to damage of personal property, and for Plaintiff, GEORGE BERTH, III, the amount of Fifty Thousand ($50,000.00) Dollars for damage of personal property; against Defendant in the Third Cause of Action, BEDFORD STUYVESANT FAMILY HEALTH CENTER INC., in the amount of One Million ($1,000,000.00) Dollars due to damage of real property located at 327 Herkimer Street, Brooklyn, New York, and the amount of Fifty Thousand ($50,000.00) Dollars due to damage of personal property, and for Plaintiff, GEORGE BERTH, III, the amount of Fifty Thousand ($50,000.00) Dollars for damage of personal property, with interest from *Nov 3, 2006* and

for costs and disbursements of this action, and for such other and further relief this court deems just and proper.

Dated: Brooklyn, New York
July 3/ 2007

_____
MORRIS MARKOWITZ
Attorney for Plaintiffs
2015 Avenue U
Brooklyn, NY 11229
Tel (718) 648-8200
Fax (718)

TO:   NATIONAL SHORING, LLC
      c/o First Mercury Insurance Co.
      Policy #FMMA000768 (CL#11397-1)
      Broker: LJM Ins. Agency
      327 Union Avenue
      Framingham, MA 01792

      MIKE MARTELLI, GC
      c/o Liberty Int'l. Underwriters
      55 Water Street
      New York, NY 10041
      Attn: Bill Cancroft
      CL #NYCAS93126

      BEDFORD STUYVESANT FAMILY
      HEALTH CENTER INC.
      1413 Fulton Street
      Brooklyn, NY
      Attn: Lewis Spann

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
GEORTH BERTH, JR., and GEORGE BERTH, III,

               Plaintiffs,

            - against -

MIKE MARTELLI, GC, NATIONAL SHORING, LLC, and BEDFORD STUYVESANT FAMILY HEALTH CENTER, INC.,

               Defendants.
------------------------------------------------------------X

Index No.

**VERIFICATION**

STATE OF NEW YORK   )
                             ) SS.:
COUNTY OF KINGS    )

GEORGE BERTH, JR., being duly sworn, deposes and says:

I am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

                                                       _____
                                                       GEORGE BERTH, JR.

Sworn to before me this
31st day of July, 2007

_____
NOTARY PUBLIC

MORRIS MARKOWITZ
Notary Public, State of New York
No. 24-2538180
Qualified in Kings County
Commission Expires June 30, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
GEORTH BERTH, JR., and GEORGE BERTH, III,

        Plaintiffs,

- against -    Index No.

MIKE MARTELLI, GC, NATIONAL SHORING, LLC, and BEDFORD STUYVESANT FAMILY HEALTH CENTER, INC.,

        Defendants.    **VERIFICATION**
---------------------------------------------------------------X

STATE OF NEW YORK   )
                            ) SS.:
COUNTY OF KINGS    )

GEORGE BERTH, III, being duly sworn, deposes and says:

I am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

                                            _____
                                            GEORGE BERTH, III

Sworn to before me this
___ day of July, 2007

_____
NOTARY PUBLIC

DEREK P. McDOWELL
Notary Public, State of New York
No. 02MC4911187
Qualified in Kings County
Commission Expires Oct. 13, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

GEORGE BERTH, JR., and
GEORGE BERTH, III,

    Plaintiffs,

- against -

MIKE MARTELLI, GC., NATIONAL
SHORING, LLC, and BEDFORD STUYVESANT
FAMILY HEALTH CENTER, INC,

    Defendants.

SUMMONS AND COMPLAINT

Print name beneath
Signature (Rule 130-1.1-a)

MORRIS MARKOWITZ

Attorney for Plaintiffs

Office and Post Office Address, Telephone

2015 Avenue U
Brooklyn, NY 11229
(718) 648-8200