**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MARCO MARTELLI ASSOCIATES, INC. i/s/h MIKE MARTELLI, GC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.:  08 CV 03453 |
| FIRST MERCURY INSURANCE COMPANY | ) ) | |
| Defendant. | ) ) | |

**FIRST MERCURY INSURANCE COMPANY'S**
**ANSWER TO VERIFIED COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, First Mercury Insurance Company ("First Mercury"), by and through its attorneys, Tressler Soderstrom Maloney & Priess, LLP, and for its Answer and Affirmative Defenses to the Verified Complaint filed by Plaintiff Marco Martelli Associates, Inc. i/s/h Mike Martelli, GC ("MMA"), states as follows:

**NATURE OF CLAIMS**

1.      First Mercury denies the allegations contained in Paragraph 1.

**THE PARTIES AND JURISDICTION**

2.      First Mercury is without sufficient insufficient information to form a belief as to the truth of the allegations contained in Paragraph 2.

3.      First Mercury admits the allegations contained in Paragraph 3.

4.      First Mercury admits the allegations contained in Paragraph 4.

5.      First Mercury admits the allegations contained in Paragraph 5.

6.      First Mercury admits the allegations contained in Paragraph 6.

7.      First Mercury admits the allegations contained in Paragraph 7.

## THE UNDERLYING CLAIM

8.    First Mercury is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8.

9.    First Mercury is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9.

10.    First Mercury admits that National Shoring LLC ("National") performed certain work the 325 Herkimer Street property.  First Mercury is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 10

11.    First Mercury is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.    First Mercury denies the allegations contained in Paragraph 12

13.    First Mercury denies National paid premiums in consideration for Policy Number FMMA000768.  First Mercury admits that it issued Policy Number FMMA000768 to Bove Contractors, Inc. with an effective policy period of September 28, 2006 to September 28, 2007 ("First Mercury Policy"). First Mercury denies any remaining allegations contained in Paragraph 13.

14.    First Mercury denies the allegations contained in Paragraph 14.

15.    First Mercury admits the Berth Action was commenced by the Berth Plaintiffs against MMA for damages allegedly sustained on November 3, 2006 at the Building (as the terms, "Berth Action," "Berth Plaintiffs" and "Building" are defined in the Verified Complaint). First Mercury is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16.    First Mercury denies the allegations contained in Paragraph 16.

17.    First Mercury denies the allegations contained in Paragraph 17.

18.    First Mercury denies the allegations contained in Paragraph 18.

19.    First Mercury denies the allegations contained in Paragraph 19.

20.    First Mercury denies the allegations contained in Paragraph 20.

21.    First Mercury is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

## AS AND FOR A FIRST CAUSE OF ACTION

**(For Breach Of The Implied Covenant Of Good Faith And Fair Dealing
Failure To Defend As Against First Mercury)**

22.    First Mercury repeats and realleges each and every response made in answer to the allegations incorporated by reference in Paragraph 22 of the Verified Complaint with the same force and effect as if fully set forth herein.

23.    First Mercury denies the allegations contained in Paragraph 23.

24.    First Mercury admits the allegations contained in Paragraph 24.

25.    First Mercury denies the allegations contained in Paragraph 25.

26.    First Mercury denies the allegations contained in Paragraph 26.

27.    First Mercury denies the allegations contained in Paragraph 27.

## AS AND FOR A SECOND CAUSE OF ACTION

**(Declaratory Judgment As Against First Mercury)**

28.    First Mercury repeats and realleges each and every response made in answer to the allegations incorporated by reference in Paragraph 28 of the Verified Complaint with the same force and effect as if fully set forth herein.

29.    First Mercury admits that is has declined to defend or indemnify the plaintiff, but denies that it owes plaintiff such obligations under the First Mercury Policy.

30.    First Mercury denies the allegations contained in Paragraph 30.

## AS AND FOR A THIRD CAUSE OF ACTION

(Breach of Contract As Against First Mercury)

31.    First Mercury repeats and realleges each and every response made in answer to the allegations incorporated by reference in Paragraph 31 of the Verified Complaint with the same force and effect as if fully set forth herein.

32.    First Mercury denies the allegations contained in Paragraph 32.

33.    First Mercury admits that MMA demanded and continues to demand that First Mercury defend and indemnity MMA.  First Mercury denies the remaining allegations contained in Paragraph 33.

34.    First Mercury admits that First Mercury has declined to defend and/or indemnify MMA with respect to the claims and/or allegations made by George Berth, Jr., and George Berth III.  First Mercury denies the remaining allegations contained in Paragraph 34.

35.    First Mercury denies the allegations contained in Paragraph 35.

36.    First Mercury denies that it has breached any obligations to plaintiff under the First Mercury policy given it denies that is has any such obligations to plaintiff under the First Mercury Policy.  First Mercury is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36.

## AFFIRMATIVE DEFENSES

(Applicable to All Causes of Action)

## FIRST AFFIRMATIVE DEFENSE

MMA has not been injured or damaged in any way or in any manner as a result of any alleged conduct on the part of First Mercury.

## SECOND AFFIRMATIVE DEFENSE

No contract existed between MMA and National at the time of the alleged accident for which plaintiff seeks coverage from First Mercury.

## THIRD AFFIRMATIVE DEFENSE

To the extent a contract existed between MMA and National as of the date of the alleged accident, it was not a written contract as required by the First Mercury Policy.

## FOURTH AFFIRMATIVE DEFENSE

To the extent any written contract was in place between MMA and National as of the date of the alleged accident, such contract did not include provisions with respect to indemnity to MMA or any requirement that MMA be named as an additional insured under the First Mercury Policy.

## FIFTH AFFIRMATIVE DEFENSE

Any contract or portion of a contract promising MMA indemnity for its own negligence may be void under New York law.

## SIXTH AFFIRMATIVE DEFENSE

MMA does not qualify as an additional insured under the terms of the First Mercury Policy.

## SEVENTH AFFIRMATIVE DEFENSE

MMA's claim against National for contractual indemnity may be barred based upon the application of the Contractual Liability Exclusion contained within the First Mercury Policy.

## EIGHTH AFFIRMATIVE DEFENSE

MMA's claims are subject to and may be barred by the application of other terms, conditions, exclusions and other limitations contained in the First Mercury Policy.

## NINETH AFFIRMATIVE DEFENSE

First Mercury reserves the right to assert defenses which may be appropriate as discovery progresses, and upon which First Mercury reserves its right to raise and rely upon.

WHEREFORE, Defendant, First Mercury, prays for judgment as follows:

1. That MMA take nothing by way of their Verified Complaint and that the Verified Complaint be dismissed with prejudice;

2. That judgment be entered in favor of First Mercury;

3. That First Mercury be awarded costs and attorney's fees incurred in this action; and

4. For such other and further relief as this court deems just and proper.

Respectfully submitted,

FIRST MERCURY INSURANCE COMPANY

By: _Barry S. Bassis_

Barry T. Bassis
BB 3259

TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
22 Cortlandt Street
17th floor
New York, New York 10007
(212) 430-4504

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MARCO MARTELLI ASSOCIATES, INC.    )
i/s/h MIKE MARTELLI, GC    )

        Plaintiff,    )
                )
        v.    )    Case No.: 08 CV 03453
                )
FIRST MERCURY INSURANCE COMPANY    )
                )
        Defendant.

## <u>VERIFICATION</u>

**STATE OF NEW YORK**
**COUNTY OF NEW YORK**

**BARRY T. BASSIS, being duly sworn, deposes and says:**

1.  I am Of Counsel to the law firm of Tressler, Soderstrom, Maloney & Priess, LLP, attorneys for Defendant First Mercury Insurance Company in the within action; that I have read the foregoing Verified Answer to the Verified Complaint of Plaintiff Marco Martelli Associates, Inc. i/s/h Mike Martelli, GC and know the contents thereof; that the same is true of my own knowledge except as to matters stated upon information and belief, and that, as to those matters, I believe them to be true.

2.  I further state that the grounds for my belief as to all of the matters not stated upon my knowledge, and the source of my knowledge as to all matters therein stated, is the evidence in my possession.

3.  I further state that the reason this Verification is not made by Defendant is that said Defendant is not located in the County where affiant has his office.

_____
BARRY T. BASSIS

Sworn to before me this
23rd day of June 2008

_____
Notary Public

AMY L. GANDY
Notary Public, State of New York
No. 01GA6058608
Qualified in NASSAU County
Commission Expires 5/14/2011